KENNETH P. THOMPSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thompson v. Commissioner
Docket No. 1214-78.
United States Tax Court
T.C. Memo 1980-85; 1980 Tax Ct. Memo LEXIS 503; 39 T.C.M. (CCH) 1277; T.C.M. (RIA) 80085; March 20, 1980, Filed Kenneth P. Thompson, pro se. Rogelio A. Villageliu, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $1,266 deficiency in petitioner's 1975 income tax. The issues for decision are: 1. Whether petitioner is entitled to a home-office expense deduction and, if so, how much. 2. Whether petitioner is entitled to a business telephone expense deduction. 3. Whether petitioner is entitled to a real estate tax deduction. 4. Whether petitioner is entitled to a deduction for business mileage expenses and, if so, how much. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Hager City, Wisconsin, when he filed his petition. Petitioner filed a joint return with his wife Catherine *504 in 1975. Catherine has since died. During 1975 petitioner and Catherine lived in a rented residence. Petitioner was employed as an outside salesman by the Vigortone Products Division of Beatrice Foods Co. His employer did not supply him with an office. Petitioner's daughters threw out all his records relating to 1975. Petitioner's residence consisted of five rooms with a total square footage of 550 feet. [1] One of the two bedrooms in the residence was used by petitioner as an office. It contained a desk and filing cabinets and was used exclusively by petitioner for business. The office was 8 feet by 12 feet, or 96 square feet, and represented approximately 17 percent of the total space of the residence. Petitioner used the office approximately two hours a day, seven days a week. On his return petitioner deducted home-office expenses of $555 as follows: Rent
$ 1,620
Utilities
600
Total
$ 2,220
Less 75 per-
cent personal
(1,665)
$ 555
*505 On his return petitioner deducted $420 for business telephone expenses. On his return petitioner deducted $438 of real property taxes. Petitioner, as an outside salesman, had to travel in his territory which included all or part of five counties. He was required to provide his own car. His company paid him $7 per working day for transportation or a total of $1,515.50 for 1975. Petitioner had only one car which he used 80 percent for business and 20 percent for personal use. He drove his car 48,683 miles in 1975. On his return petitioner claimed that he used his car 100 percent for business, that he drove it 48,683 miles, and that he was entitled to deduct 15" per mile for the first 15,000 miles and 10" per mile for the remaining 33,683 miles, or a total of $5,618 for business travel expenses. OPINION In this case petitioner is being asked to substantiate his deductions taken on his 1975 joint return. Since he filed his 1975 return, his wife has died and his daughters have thrown out all of the records relating to 1975. As a result, petitioner has no documentary evidence. Moreover, he is not clear on how his return preparer arrived at some of the amounts shown *506 as deductions on his return. During the course of preparing for this trial, respondent's attorney sent petitioner a list of questions regarding the issues in this case, which petitioner answered and returned to respondent's counsel. Some of these answers are inconsistent with some of petitioner's testimony at trial. With that background we turn to the issues presented here. The first issue is whether petitioner is entitled to a home-office deduction. [2] We have found as a fact that he used one room in his home exclusively for an office, that this room represented 17 percent of the total square footage in the home, and that he actually used the room about two hours a day, seven days a week. On respondent's questionnaire petitioner claimed that his 1975 rent was $150 a month or $1,800. On the return he reported his 1975 rent was $1,620 and his 1975 utilities cost $600. His employer did not provide him with an office. We conclude that *507 petitioner is entitled to a home-office expense deduction, that it is equal to 17 percent of his rent and utilities, that his rent and utilities are as shown on his return or a total of $2,200, and that he is therefore entitled to deduct $377.40 (17 percent x $2,220). Respondent argues not only that petitioner has not substantiated his office expense (we found petitioner credible although not precise) but that he is entitled to only the business use over total available use or two-twenty fourths of the total cost of the office, relying on , cert. denied , reversing . We have declined to follow the Ninth Circuit's reversal of our Gino case, Browne v. Commissioner, 56 (Jan. 22, 1980), and continue to adopt our position in Gino. In any event, Gino would apply only to a dual-use facility. Petitioner's home-office was not used to any extent for non-business purposes. The next issue is whether petitioner is entitled to any deduction for business use of his telephone. Petitioner testified in a conclusory fashion, *508 without supporting detail that the amount claimed on his return represented only the business portion of his total telephone bill. However, we have no evidence of the total telephone bill or how the business portion was calculated or determined. In view of the near total absence of evidence, including detailed testimonial evidence, we hold for respondent on this issue. The next issue is whether petitioner is entitled to deduct any amount for advalorem real estate taxes. Petitioner testified that he owned a house in Albert Lea, Minnesota, but despite respondent's repeated requests he failed to produce tax bills, cancelled checks, or other proof of payment or, indeed, of ownership of the property. Under the circumstances we hold that petitioner has failed to sustain his burden of proof. The final issue is whether petitioner is entitled to any deduction for business travel in excess of the $1,515.50 paid him for business travel by his employer. Petitioner alleges that he drove 48,683 miles in 1975 and that 90 percent of that was on business. He claims that he kept close track of his miles driven because he was required to make out weekly expense reports which included *509 his mileage. We find petitioner a credible witness although somewhat vague. Clearly as an outside salesman covering five counties he had to do a lot of business driving. We have found that his report of mileage was accurate, but we also determined that he used his car only 80 percent for business. Consequently, petitioner is entitled to calculate his business mileage (80 percent of 48,683 miles or 38,946.4 miles) under the optional method of computation (15" per mile for the first 15,000 miles and 10" per mile for the remaining 23,946.4 miles, or $4,644.64), but he must reduce that figure by the amount of reimbursement he has received from his employer ($1,515.50). Decision will be entered under Rule 155. Footnotes
1. ↩
Two bedrooms
8 feet by 12 feet each
192 square feet
Kitchen
9 feet by 12 feet
108 square feet
Bathroom
7 feet by 10 feet
70 square feet
Living room
12 feet by 15 feet
180 square feet
total
550 square feet
2. For taxable years beginning after December 31, 1975, see sec. 280A, Disallowance of Certain Expenses in Connection with Business use of Home, Rental of Vacation Homes, etc. which was added by sec. 601, Pub. L. 94-455, 90 Stat. 1569.↩